UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

SANTIAGO RAMIREZ LOPEZ,

Petitioner,

v.

TODD BLANCHE, *et al.*,

Respondents.

CASE NO. 2:26-cv-04010-GJL

ORDER GRANTING MOTION FOR TEMPORARY RESTRAINING ORDER

Petitioner Santiago Ramirez Lopez is currently detained by U.S. Immigration and Customs Enforcement ("ICE") at the Northwest ICE Processing Center ("NWIPC") in Tacoma, Washington. Dkt. 1. On October 20, 2026, Petitioner filed a petition for writ of habeas corpus under 28 U.S.C. § 2241, alleging that his detention by immigration officials without arrangements for continued medical treatment during and following Petitioner's imminent transfer to another detention facility would amount to unlawful punitive detention in violation of the Fifth Amendment to the United States Constitution. *Id.* Petitioner also filed a Motion for a Temporary Restraining Order ("TRO"), seeking an order enjoining his transfer from NWIPC while this litigation is pending. Dkt. 3. Together with his TRO, Petitioner filed a Declaration from his counsel stating that (1) Petitioner has informed counsel that he has received dialysis

three times per week since May 2026 because he suffers from kidney failure and cysts on his kidneys, (2) that counsel has requested, but not yet received, Petitioner's medical records, (3) that Petitioner's daughter-in-law informed counsel that Petitioner was notified he would soon be transferred to a detention facility or facilities other than NWIPC and moved "from state to state," and (4) that Petitioner's family is unaware of any plans to ensure Petitioner will receive uninterrupted dialysis during the alleged transfer or upon arrival at his new destination or destinations. Dkt. 3-1 (Smith Declaration).

Having reviewed the TRO Motion, the available record, and the governing law, the Court **GRANTS** the TRO Motion (Dkt. 3) **IN PART** as set forth in the conclusion below.[1]

## I. LEGAL STANDARD

TROs are governed by the same standard applicable to preliminary injunctions. *See New Motor Vehicle Bd. of Cal. v. Orrin W. Fox Co.*, 434 U.S. 1345, 1347 n.2 (1977). The purpose of preliminary injunctive relief is to preserve the status quo or prevent irreparable injury pending the resolution of the underlying claim. *Sierra On-line, Inc. v. Phoenix Software, Inc.*, 739 F.2d 1415, 1422 (9th Cir. 1984). Preliminary relief is "an extraordinary remedy that may only be awarded upon a clear showing that the [petitioner] is entitled to such relief." *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 24 (2008); *see also Rizzo v. Goode*, 423 U.S. 362, 378 (1976) (stating that preliminary injunctions are to be used sparingly).

Generally, a petitioner seeking a preliminary injunction "must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." *Winter*, 555 U.S. at 20. Additionally, under Ninth Circuit precedent, "'a preliminary

[1] The Parties have consented to proceed in this matter before a United States Magistrate Judge. Dkt. 5.

injunction is appropriate when a plaintiff demonstrates that serious questions going to the merits were raised and the balance of hardships tips sharply in the plaintiff's favor,' provided the plaintiff also demonstrates that irreparable harm is likely and that the injunction is in the public interest." *Christopher Cooper v. Wells Fargo Fin. Wash. 1, Inc.*, C14-1977, 2015 WL 263540, at *2 (W.D. Wash. Jan. 21, 2015) (quoting *Alliance for the Wild Rockies v. Cottrell*, 632 F.3d 1127, 1134–35 (9th Cir. 2011)).

"Granting injunctive relief is 'an act of equitable discretion' on the part of the District Court." *BitTitan, Inc. v. SkyKick, Inc.*, No. C15-754, 2015 WL 5081130, at *2 (W.D. Wash. Aug. 27, 2015) (quoting *eBay, Inc. v. MercExchange, LLC*, 547 U.S. 388, 391 (2006)). "As such, no one factor is necessarily dispositive, but 'the absence of an adequate showing with regard to any one factor may be sufficient, given the weight or lack of it assigned the other factors, to justify denying the motion.'" *Id.* (quoting *Chrysler Motors Corp. v. Auto Body Panels of Ohio, Inc.*, 908 F.2d 951, 953 (Fed. Cir. 1990)) (cleaned up).

## II. DISCUSSION

The Court finds that Petitioner has made a sufficient showing to warrant temporary relief. Petitioner's allegations raise serious questions concerning whether transferring him without adequate arrangements for necessary medical treatment would violate his Fifth Amendment rights. *See Sorio v. Hermosillo*, NO. 2:25-cv-02492-TL, 2026 WL 413530, at *8–12 (W.D. Wash. Feb. 13, 2026) (granting habeas relief and concluding that the "conditions of Petitioner's detention, specifically his medical care or denial of medical care, were intended to punish him, or were excessive in relation to a legitimate non-punitive purpose served by his detention").

In addition, the balance of hardships tilts sharply in Petitioner's favor. Petitioner alleges that he suffers from serious kidney conditions requiring dialysis three times per week and that his anticipated transfer may interrupt his access to necessary medical treatment. Dkt. 1; Dkt. 3-1.

The present record does not establish whether Respondents have arranged for continuity of Petitioner's medical care. *See* Dkt. 3-1. Given the seriousness of Petitioner's medical conditions, the frequency of care required to treat those conditions, and the reported plan for his transfer without assurances that Petitioner will receive uninterrupted medical treatment, the Court finds that Petitioner has demonstrated that he likely faces an imminent risk of irreparable harm sufficient to warrant the grant of temporary relief.

The Court further finds that the potential harm to Petitioner's health if he were transferred out of NWIPC without a clear plan for continued medical treatment substantially outweighs the limited burden of maintaining his current placement at NWIPC for a temporary period. Finally, the Court finds that temporary injunction ensuring that Petitioner continues to maintain access to medical treatment while in the custody of federal immigration authorities is in the public interest.

Based on the forgoing, the Court concludes that Petitioner is entitled to a TRO preserving the status quo while the parties develop the record concerning Petitioner's medical needs and the medical care required for any proposed transfer.

## III. CONCLUSION

For the above stated reasons, the Court **ORDERS** as follows:

(1) Petitioner's Motion for TRO (Dkt. 3) is **GRANTED IN PART**;

(2) Respondents and their respective officers, agents, employees, attorneys, and other persons acting on their behalf are **ENJOINED** from transferring Petitioner from the Northwest ICE Processing Center for a period of **fourteen days** from the issuance of this Order, unless otherwise ordered by the Court.

(3) If Petitioner seeks injunctive relief beyond the expiration of this TRO, he **MUST** promptly file a motion for preliminary injunction. The parties are **DIRECTED** to meet and confer promptly concerning any anticipated motion for preliminary injunction, including on a briefing schedule for such a motion and on whether the TRO may be extended while the motion is briefed. Together with any motion for preliminary injunction, the parties

**SHALL** file a joint status report stating whether Respondents consent to an extension of the TRO pending resolution of that motion; and

(4) Unless otherwise extended by court order or by Respondents' consent, this *ex parte* TRO **SHALL** expire at end of day on **November 3, 2026.**

Dated this 20th day of October, 2026.

Grady J. Leupold
United States Magistrate Judge