UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| SANTIAGO RAMIREZ LOPEZ,<br>Petitioner,<br>v.<br>TODD BLANCHE, *et al.*,<br>Respondents. | CASE NO. 2:26-cv-04010-GJL<br><br>ORDER GRANTING MOTION TO EXTEND TEMPORARY RESTRAINING ORDER |

Petitioner Santiago Ramirez Lopez is currently detained by U.S. Immigration and Customs Enforcement ("ICE") at the Northwest ICE Processing Center ("NWIPC") in Tacoma, Washington. Dkt. 1. On October 20, 2026, Petitioner filed a Petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241, alleging that his detention by immigration officials without arrangements for continued medical treatment during and following Petitioner's imminent transfer to another detention facility would amount to unlawful punitive detention in violation of the Fifth Amendment to the United States Constitution. *Id.* Along with the Petition, Petitioner filed a Motion for a Temporary Restraining Order ("TRO"), seeking an order enjoining his transfer from NWIPC while this litigation is pending. Dkt. 3. On October 20, 2026, the Court

granted in part the Motion for a TRO, enjoining Respondents from transferring Petitioner from NWIPC for a period of fourteen (14) days, and directing Petitioner to file a motion for preliminary injunction if he seeks injunctive relief beyond the expiration of the TRO.[1] Dkt. 7.

Today, November 2, 2026, one day before the TRO is set to expire, Petitioner has filed a Motion to extend the Temporary Restraining Order ("TRO"). Dkt. 10. In addition, Petitioner has filed a Motion for preliminary injunction and stay of removal, as well as a stipulated Motion for expedited briefing for the Motion for preliminary injunction. Dkts. 8, 9. Although Respondents have not filed any opposition to these Motions, Petitioner indicates in his Motion to extend the TRO that Respondents do not consent to an extension of the TRO beyond its current expiration date of November 3, 2026. *Id*. at 2.

The habeas Petition and Motion for preliminary injunction before the Court raise serious questions concerning whether transferring Petitioner without adequate arrangements for necessary medical treatment would violate his Fifth Amendment rights. Dkts. 1, 9. Petitioner asserts Respondents have not yet provided documentation or assurances that there will be continuity of Petitioner's medical care if he is removed or transferred. Dkt. 10 at 2. Because it is apparent the concerns raised by Petitioner will remain beyond the expiration of the TRO, and the Government has not demonstrated otherwise, the Court invokes its authority to preserve the Court's jurisdiction and to maintain the status quo. *See A.A.R.P. v. Trump*, 605 U.S. 91, 97 (2025) (federal courts have "the power to issue injunctive relief to prevent irreparable harm to the applicants and to preserve [ ] jurisdiction over the matter."). The federal habeas statue also permits the Court to "dispose of the matter as law and justice require." 28 U.S.C. § 2243; *see also Escobar Salgado v. Mattos*, 809 F. Supp. 3d 1123, 1162 (D. Nev. 2025) (quoting *Carafas v.*

[1] The parties have consented to proceed in this matter before a United States Magistrate Judge. Dkt. 5.

*LaVallee*, 391 U.S. 234, 239 (1968)) (noting that under 28 U.S.C. § 2243, the "mandate is broad with respect to the relief that may be granted.").

Upon consideration of the Motion for an extension of the TRO, and for good cause shown, the Motion (Dkt. 10) is **GRANTED**. *See* Fed. R. Civ. P. 65(b)(2). The Court **ORDERS** as follows:

(1) Respondents and their respective officers, agents, employees, attorneys, and other persons acting on their behalf **SHALL NOT** remove Petitioner from the United States or transfer Petitioner to another facility outside the Western District of Washington.

(2) This extension of the Temporary Restraining Order (*see* Dkt. 7) **SHALL** expire at the end of the day on **November 17, 2026**, or until a decision is reached on the pending Motion for preliminary injunction (Dkt. 9), whichever is earlier.

Dated this 2nd day of November, 2026.

Grady J. Leupold
United States Magistrate Judge